**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BRITTNEY SAMADUROFF and EVE SUMMERS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>DAVID PEYSER SPORTSWEAR, INC. d/b/a 32 DEGREES,<br><br>*Defendant*. | Case No. 2:25-cv-2170<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

## TABLE OF CONTENTS


I. INTRODUCTION ....................1

II. PARTIES ....................2

III. JURISDICTION AND VENUE ....................2

IV. FACTUAL ALLEGATIONS ....................3

A. Defendant's False and Misleading Emails Regarding Discounts. ....................3

B. Defendant's Emails to Plaintiffs and Class Members Violate CEMA and the CPA.....8

C. Defendant's Deceptive Emails Violate Federal Law. ....................10

D. Research Confirms That Time-Limited Discounts Influence Consumer Behavior and Perceptions of Value. ....................11

E. Plaintiff Brittney Samaduroff ....................12

F. Plaintiff Eve Summers. ....................13

G. No Adequate Remedy at Law. ....................14

V. CLASS ACTION ALLEGATIONS ....................15

VI. CLAIMS ....................16

VII. JURY DEMAND ....................19

VIII. PRAYER FOR RELIEF ....................19




**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

## I. INTRODUCTION

1. This is a putative class action under Washington law brought to address deceptive and unlawful emails that plague consumers' inboxes. The Washington legislature, concerned with deception in emails, enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, which, among other things, prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. Defendant David Peyser Sportswear, Inc. d/b/a 32 Degrees ("Defendant") sells, markets, and manufactures clothing and accessories (the "Products"). The Products are predominantly sold through Defendant's website www.32Degrees.com.

3. Defendant markets its Products by email to Washington residents. The subject lines in these emails often promote "sales" and discounts on the Products. However, many subject lines are false, misleading, and unlawful because they promote misleading discounts, under false time restrictions, and/or from misleading regular and former prices.

4. Getting an advertised bargain is important to consumers. Consumers are more likely to purchase an item if it is advertised as a good deal.

5. Further, if a sale is advertised as ending soon, consumers are even more likely to buy now, rather than wait, comparison shop, and/or buy something else.

6. There is nothing wrong with a legitimate sale. But a fictitious sale—that is, one with made-up regular/former prices or made-up expirations—is deceptive and illegal. And advertising false and misleading discounts in the subject line of a promotional email violates CEMA and the Washington Consumer Protection Act ("CPA"). *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

7. Defendant's sales were not legitimate because the products are regularly available on the website at a discount from a higher price (called the "reference price"). So, the purported discounts were false and misleading because discounts are regularly available. And Defendant promoted these misleading discounts by sending emails with false and misleading subject lines.


EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

8. Defendant also sent emails with misleading subject lines regarding "sales" that would supposedly end on a specific day when in truth the sales were extended or not limited to the extent represented.

9. For example, Defendant's emails contained subject lines like "Up to 85% Off Best-Selling Styles." These subject lines lead reasonable consumers to believe that there is a substantial sale in effect and Defendant's regular and former prices are normally much higher. In truth, Defendant's Products were almost always available for purchase at a discount. So, the regular price is actually a discounted price, and the amount of the advertised discount is misleading and illusory.

10. As another example, Defendant's emails often contained subject lines describing sales as "Today Only" or "Ends Tonight." These subject lines lead reasonable consumers to believe that if they don't buy before the sale ends, they won't be able to get the advertised discount. In truth, the sales did not end at the advertised time—the same sale was extended or replaced by another sale. So, the deals did not genuinely expire as advertised.

11. Plaintiffs each are a Washington resident who received Defendant's deceptive email advertisements. Plaintiffs bring this case to protect Washington residents from Defendant's false and misleading emails about its purported limited-time discounts.

## II. PARTIES

12. Plaintiff Brittney Samaduroff is domiciled in Clark County, Washington and has been a resident of Washington during at least the preceding four years.

13. Plaintiff Eve Summers is domiciled in Snohomish County, Washington and has been a resident of Washington during at least the preceding four years.

14. The proposed class includes citizens of Washington.

15. Defendant David Peyser Sportswear, Inc. is a New York corporation and is headquartered in New York. Defendant owns the 32 Degrees brand.

## III. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). The amount in controversy exceeds the sum of $5,000,000



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

exclusive of interest and costs, there are more than one hundred putative class members, and minimal diversity exists because the putative class members are citizens of a different state than Defendant.

17. This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant transacts business in Washington. The claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Defendant under RCW 19.86.160 because Defendant engaged in conduct in violation of the CPA that had an impact in Washington. Finally, Plaintiffs purchased Products from Defendant's website while in Washington and those Products were delivered to their addresses in Washington.

18. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c)(2). A substantial part of the events giving rise to the claims emanated from activities within this District. Moreover, Defendant can be deemed to reside in this District because it is subject to personal jurisdiction in this Court with respect to this civil action. At all relevant times, Defendant transacted business in this District, including by selling products to customers living in this county and by sending electronic mail messages to residents of this county.

## IV. FACTUAL ALLEGATIONS

### A. Defendant's False and Misleading Emails Regarding Discounts.

19. Defendant distributes, markets, and sells the clothing and accessory Products directly to consumers. The Products are sold through the website www.32Degrees.com.

20. Defendant's emails created the false impression that the Products' regular and former prices as charged on the website are higher than they truly are, the discounts are limited in time, and the discounts are genuine.

21. Defendant advertised these discounts extensively through emails to recipients on their mailing list who previously purchased from 32Degrees.com. And this information is contained in the subject lines of emails. For example, Defendant sent an email on January 25, 2023 with the subject line "Up to 80% Off Go-To Basics."



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

22. When Defendant advertises the percent-off discounts through emails with subject lines like "Up to 80% Off," reasonable consumers interpret the advertisements to mean that recipients will get a discount off the former and regular prices charged by Defendant on the website in the recent past and for a substantial time. In other words, reasonable recipients believe, for example, that they will receive up to "__% off" the former and regular prices charged on the website in the recent past, and those higher prices represent the amount that consumers formerly had to pay for Defendant's goods before the sale began and represent the prices that consumers will have to pay in the future for Defendant's goods when the sale ends. This creates a sense of value and urgency: buy now, and you will receive something worth more than you pay for; or wait, and you will pay more for the same thing later.

23. Defendant also sent emails with subject lines stating that purported sales were set to expire soon. But when one sale ended, it was either extended or another comparable sale began, and the Products' prices did not immediately revert to the supposed pre-sale reference prices.

24. Defendant sent commercial emails to Class Members containing the following subject lines on the following dates. The below emails are representative examples and not exhaustive.

a. 11/21/2022: It's Here! Shop the 70-80% Off Sitewide + Free Shipping Cyber Monday Early Access Sale
b. 11/21/2022: Just Hours Left to Shop 70-80% Off Sitewide + Free Shipping on All Orders!
c. 11/23/2022: [70-80% Off Sitewide] Why wait? It's Black Friday all week at 32 Degrees!
d. 11/25/2022: Black Friday is Here! Shop Up to 80% Off Sitewide with $3.99 Basics, $16.99 Outerwear + More
e. 11/25/2022: Just Hours Left of the Black Friday Sale | Last Chance to Shop Up to 80% Off Sitewide
f. 11/26/2022: [SALE EXTENDED] One Last Chance to Shop Up to 80% Off Sitewide
g. 11/28/2022: Cyber Monday is Here | Free Shipping on All Orders + Up to 80% Off Sitewide - Today Only!
h. 12/11/2022: Just Hours Remaining | The $7.49 Baselayer Sale Ends Tonight
i. 12/12/2022: 80% Off Cold Weather Companions | Shop Outerwear, Winter Accessories + More Starting at $3.99
j. 12/23/2022: Ending Soon | Don't Miss Up to 80% Off Best Selling Basics


EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

| | | |
|---|---|---|
| k. | 12/30/2022: | Ending Soon \| 70-80% Off End Of Year Closeout Sale - Everything Must Go! |
| l. | 01/11/2023: | Save Up to 80% Off On Comfort Essentials \| Plus Shop New Arrivals You'll Love Starting at $5.99 |
| m. | 01/23/2023: | Go-To Basics Up to 80% Off \| $3.99 Boxers, $5.99 Bra Tops, $7.99 Multi-Pack Socks + More |
| n. | 01/25/2023: | Up to 80% Off Go-To Basics \| $3.99 Boxer Briefs, $7.99 Sleep Bottoms + Much More |
| o. | 01/31/2023: | One Day Sale \| Up to 80% Off Best-Selling Jackets |
| p. | 02/05/2023: | Ends Tonight \| Up to 80% Off Winter Essentials |
| q. | 02/07/2023: | One Day Sale \| Up to 80% Off Best-Selling Jackets |
| r. | 03/02/2023: | It's 3/2 Day! Free Shipping + Up to 85% Off Sitewide Today Only! |
| s. | 05/14/2023: | Mother's Day Flash Sale \| Shop Up to 80% Off Best Selling Spring Styles - Today Only! |
| t. | 05/29/2023: | Just Hours Left \| Last Chance for Free Shipping + Up to 85% Off Sitewide |
| u. | 07/04/2023: | One Day July 4th Sale \| Free Shipping On All Orders + Up to 85% Off Sitewide |
| . . . | | |
| v. | 10/15/2023: | Ends Tonight \| Shop Elevated Styles at Prices You'll Love Up to 80% Off |
| w. | 10/16/2023: | Up to 80% Off Cold Weather Styles \| Shop Markdowns on Winter Accessories, Outerwear + More |
| x. | 10/23/2023: | It's Our 7th Anniversary Sale! Today Only Shop Our Lowest Prices Of The Year + Free Shipping On All Orders |
| y. | 10/23/2023: | Just Hours Left to Shop Our Lowest Prices Of The Year + Free Shipping On All Orders |
| z. | 10/24/2023: | [Anniversary Sale EXTENDED] One Last Chance to Shop 70-80% Off Sitewide + Free Shipping |
| aa. | 10/25/2023: | Anniversary Week Sitewide Sale \| Shop $7.99 Baselayers |
| bb. | 10/29/2023: | Last Chance Anniversary Sitewide Sale \| Shop $1.99 Accessories, $2.99 Basics, $7.99 Baselayers + Much More |
| cc. | 11/06/2023: | Fall Comfort Sale \| Shop Basics, Soft Velour, Sweaters + More All Under $15 |
| dd. | 11/20/2023: | Today Only \| Free Shipping + Shop 75-85% Off Sitewide Cyber Monday Preview Sale |
| ee. | 11/24/2023: | Black Friday is Here! Shop Up to 85% Off Sitewide with $1.99 Accessories, $6.99 Baselayers, $12.99 Outerwear + More |
| ff. | 11/24/2023: | Just Hours Left of the Black Friday Sale \| Don't Miss Up to 85% Off Sitewide |
| gg. | 11/25/2023: | [SALE EXTENDED] Last Chance to Shop 75-85% Off Sitewide |
| hh. | 11/27/2023: | Final Hours of Cyber Monday \| Last Chance for Free Shipping + Up to 85% Off Sitewide |



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

| | | |
|---|---|---|
| ii. | 11/30/2023: | Cyber Deals Continue \| Today Only Shop Best Selling Baselayers Starting at $6.99 |

. . .

| | | |
|---|---|---|
| jj. | 12/24/2023: | Finals Hours for Up to 85% Off Our Start of Winter Sale Ends Tonight! |
| kk. | 12/25/2023: | Sitewide Sale Starts Now \| End Of Year Closeout Prices up to 85% Off |
| ll. | 12/27/2023: | [75-85% Off Sitewide] Save Big on Baselayers, Outerwear, Velour + More |
| mm. | 12/30/2023: | It's Now or Never! Up to 85% Off Sitewide During Our End Of Year Closet Sale |
| nn. | 12/31/2023: | [FINAL HOURS] One Last Chance to Shop 75-85% Off End of Year Closeout Sitewide Sale |
| oo. | 01/01/2024: | Today Only! Free Shipping on All Orders + Up to 90% Off Sitewide |
| pp. | 01/01/2024: | Final Hours! Free Shipping on All Orders + Up to 90% Off Sitewide Ends Tonight |
| qq. | 01/08/2024: | Sitewide Sale \| Shop the Entire Store Under $32 |
| rr. | 01/10/2024: | Everything Under $32 Sitewide Sale \| Shop Sweats, Baselayers, Outerwear + More |
| ss. | 02/19/2024: | One Day Presidents Day Sitewide Sale \| Shop Up to 85% Off Today Only! |
| tt. | 03/18/2024: | [SITEWIDE SALE] Shop Everything Under $20 - This Week Only! |
| uu. | 03/31/2024: | One Day Easter Sale \| Shop Up to 85% Off Best Selling Spring Styles - Today Only! |

. . .

| | | |
|---|---|---|
| vv. | 09/02/2024: | Up to 85% Off and Free Shipping Sitewide! Our Labor Day Sale is Here! |
| ww. | 09/23/2024: | The Start Of Fall Sale \| Shop Up to 85% Off Sitewide |
| xx. | 09/27/2024: | Ending Soon \| Up to 85% Off Sitewide The Start of Fall Sale |
| yy. | 10/21/2024: | Anniversary Sale Starts Now! \| Free Shipping and Our Lowest Prices Of The Year, Today Only! |
| zz. | 10/21/2024: | Final Hours \| Last Chance for Free Shipping and Our Lowest Prices Of The Year |
| aaa. | 10/22/2024: | [Anniversary Sale EXTENDED] Last Chance to Shop 70-80% Off Sitewide + Free Shipping! |
| bbb. | 10/27/2024: | Anniversary Sitewide Sale Ends Tonight \| Last Call for The Lowest Prices of the Year! |
| ccc. | 11/03/2024: | [FINAL HOURS] Our Under $30 Sitewide Sale Ends Tonight! |
| ddd. | 11/04/2024: | Black Friday Early Access \| Shop Up to 85% Off Sitewide |



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

| | | |
|---|---|---|
| eee. | 11/25/2024: | Today Only \| FREE SHIPPING + Save Up to 90% Off Sitewide During our Cyber Monday Preview |
| fff. | 11/25/2024: | FINAL HOURS \| Free Shipping Ends Tonight + up to 90% Off Sitewide |
| ggg. | 11/26/2024: | [Up to 90% Off Sitewide] Why wait? It's Black Friday all week at 32 Degrees! |
| hhh. | 11/29/2024: | FINAL HOURS \| Last Call for Black Friday Deals and Up to 90% Off Sitewide |
| iii. | 11/30/2024: | [SALE EXTENDED] Last Chance to Shop Up to 90% Off Sitewide |
| jjj. | 12/02/2024: | Cyber Monday is Here! \| Today Only Get Free Shipping On all Orders + Up to 90% Off Sitewide |
| kkk. | 12/16/2024: | New Season, New Savings \| Save 75-85% Off During the Start of Winter Sale |
| lll. | 12/30/2024: | End of Year Sale \| Shop Up to 90% Off Sitewide |
| mmm. | 12/31/2024: | Sitewide Sale Up to 90% Off \| Everything Must Go! |
| nnn. | 01/26/2025: | [EVERYTHING MUST GO] Shop Up to 90% Off Sitewide |
| ooo. | 03/02/2025: | It's 3/2 Day! Free Shipping With Code + Up to 90% Off Sitewide Today Only! |
| ppp. | 03/15/2025: | EVERYTHING. MUST. GO. \| One Last Chance to Shop Up to 90% Off Sitewide! |

25. Reasonable recipients of these emails would believe that Defendant was offering a limited time sale. They would believe that, if they purchase during the sale, they will receive this genuine discount off the regular and former prices of the Products. And they would believe that the sale would end at the stated time, and if they wait beyond that time, then the sale will be over and the Products' prices would immediately return to their regular prices.

26. Also, as shown above, many emails contain false subject lines representing that sales were limited in time and about to end, but in truth, Defendant always planned to "extend" the same sale.

27. Many emails also contain false subject lines representing that sales were "Today Only" but in truth Defendant repeatedly offers such sales.

28. For example, on November 21, 2022, Defendant sent an email with the subject line "Just Hours Left to Shop 70-80% Off Sitewide + Free Shipping on All Orders!" On November 25, 2022, the email subject line stated "hours left" and "last chance" for the "up to 80% off sitewide" sale.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

But the sale was "extended" on November 26, 2022. And another "up to 80% off sitewide" sale was in effect shortly thereafter on November 28, 2022.

29. On October 23, 2023, Defendant sent emails with subject lines stating its anniversary sale was "Today Only" and "Just Hours Left" to shop the sale. But on October 24, 2023, the same sale was "extended."

30. On January 1, 2024, Defendant sent an email with the subject line "Today Only! Free Shipping on All Orders + Up to 90% Off Sitewide." But deep sitewide discounts are often available – not just that day. Indeed, Defendant sent emails with similar subject lines advertising similar sitewide sales on January 8, 2024; January 10, 2024; February 19, 2024; March 18, 2024; and March 31, 2024.

31. These are just a few representative examples.

**B. <u>Defendant's Emails to Plaintiffs and Class Members Violate CEMA and the CPA.</u>**

32. Washington's CEMA regulates deceptive email marketing. CEMA prohibits the sending of a commercial email that "[c]ontains false or misleading information in the subject line." RCW 19.190.020.

33. Violating this provision of CEMA also violates the CPA. RCW 19.190.030.

34. Advertising fake discounts in the subject line of a promotional email, with fake time pressure, violates CEMA and, accordingly, the CPA. *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

35. Defendant's email advertisements contain subject lines that misstate the duration of the purported sales and/or misstate the discount that recipients would purportedly receive for purchasing during the sale. As a result, these promotional emails contain false or misleading information in the subject line, in violation of CEMA and the CPA.

36. Defendant sends these emails for the purpose of promoting the Products for sale and to drive sales to the website.

37. Defendant's email subject lines stating the supposed duration of its sales are false and misleading because, as discussed above, sales either (1) are regularly available, or (2) did not expire at the advertised time.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

38. Defendant's email subject lines stating the purported discount recipients will receive if recipients purchase during the sale are false and misleading because, as discussed above, consumers do not truly receive the advertised discounts. Instead, because substantial discounts are commonly available, the purported discount is really much smaller (or no discount at all).

39. By misrepresenting the duration of its purported sales in email subject lines, Defendant creates a false sense of urgency. Recipients who read the email subject lines believe that if they act now, they can purchase a higher value item at a limited-time discount; but if they wait, then the discount will expire and if they want to purchase a Product they will have to pay the former or regular price.

40. Defendant designs the subject lines of the promotional emails to induce recipients to make a purchase during the supposedly limited-time sales. Defendant's email subject lines often contain words spurring recipients to make purchases immediately before time runs out. But because the Products are regularly on sale, each of these email subject lines that state that the sale is ending soon are false and misleading.

41. Defendant is constantly sending commercial emails to recipients on the website's mailing list, typically once a day. Plaintiffs and Class members received such emails from Defendant, many of which include false or misleading subject lines regarding fake discounts with fake time limitations. On information and belief, Defendant sent at least tens of thousands of emails to Washington recipients with similar false or misleading subject lines.

42. Defendant knows, or has reason to know, its emails containing false and misleading subject lines are sent to Washington residents. Defendant knows where recipients of its emails reside for at least the following reasons.

a. For consumers who made a purchase on Defendant's website, Defendant has physical addresses associated with the recipient's name, email address, and order.

b. Defendant has access to granular location information tied to email addresses from commercial data brokers like Oracle, Equifax, and Lexis. Defendant can



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

purchase consumer data from these brokers which connects individuals to email addresses, state of residence, and physical location.

c. Defendant may obtain information that some recipients of marketing emails are Washington residents because that information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. See RCW 19.190.020(2).

d. Defendant had reason to know the marketing emails were sent to Washington residents based on the extremely high volume of outbound marketing emails which are continuously sent to everyone on its mailing list.

43. Defendant also knows what sales it is offering and knows that, in truth, the sales are not truly ending.

44. Defendant's commercial emails containing false and misleading information about fake sales clog up inboxes with spam email, waste limited data space, and violate Plaintiff's and putative class members' statutory right to be free from deceptive commercial emails.

### C. Defendant's Deceptive Emails Violate Federal Law.

45. The Federal Trade Commission Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce[.]" 15 U.S.C. § 45(a)(1). Under FTC regulations, discounting schemes like that employed in Defendant's email subject lines are deceptive practices that violate the FTCA.

46. Pursuant to 16 C.F.R. § 233.1, entitled Former Price Comparisons:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the *former price* is the actual, bona fide price at which the article was offered to the public on a *regular basis* for a *reasonably substantial period of time*, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an *artificial, inflated price* was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a *reasonably substantial period of time*, in the *recent*, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

(c) The following is an example of a price comparison based on a fictitious former price. John Doe is a retailer of Brand X fountain pens, which cost him $5 each. His usual markup is 50 percent over cost; that is, his regular retail price is $7.50. In order subsequently to offer an unusual "bargain," Doe begins offering Brand X at $10 per pen. He realizes that he will be able to sell no, or very few, pens at this inflated price. But he doesn't care, for he maintains that price for only a few days. Then he "cuts" the price to its usual level—$7.50—and advertises: "Terrific Bargain: X Pens, Were $10, Now Only $7.50!" *This is obviously a false claim*. The advertised "bargain" is not genuine.

(d) Other illustrations of fictitious price comparisons could be given. An advertiser might use a price at which he *never offered the article at all*; he might feature a price which was *not used in the regular course of business*, or which was *not used in the recent past* but at some *remote period in the past*, without making disclosure of that fact; he might use a price that was not openly offered to the public, or that was *not maintained for a reasonable length of time*, but was immediately reduced.

(e) If the former price is set forth in the advertisement, *whether accompanied or not* by descriptive terminology such as "Regularly," "Usually," "Formerly," etc., the advertiser should make certain that the former price is not a fictitious one. If the former price, or the amount or percentage of reduction, is not stated in the advertisement, as when the ad merely states, "Sale," the advertiser must take care that the amount of reduction is not so insignificant as to be meaningless. *It should be sufficiently large that the consumer, if he knew what it was, would believe that a genuine bargain or saving was being offered. An advertiser who claims that an item has been "Reduced to $9.99," when the former price was $10, is misleading the consumer, who will understand the claim to mean that a much greater, and not merely nominal, reduction was being offered.*

47. FTC regulations also prohibit false and misleading claims regarding the duration and expiration of sales, like those employed in the subject lines of Defendant's emails. Indeed, retailers "should not offer an advance sale under circumstances where they do not in good faith expect to increase the price at a later date, or make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5.

### D. **<u>Research Confirms That Time-Limited Discounts Influence Consumer Behavior and Perceptions of Value.</u>**


EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

48. Studies and articles support the effectiveness of Defendant's deceptive email scheme.

49. For example, a study regarding the effect of the time-limited advertisement "10 Hours Only Super Sale" concluded that "[t]he willingness to buy was significantly higher" and "the attitude towards the deal was more favourable."[1]

50. An article explains that, in a test case, the addition of countdown timers increased conversion rates "from ~3.5% to ~10%."[2]

51. Another article explains: "We compared the performance to previous 'big sale' campaigns featuring a similar single-minded design, but without the countdown timer. The uplift was impressive showing . . . 400% higher conversion rate" with countdown timer.[3]

52. Accordingly, research confirms that deceptive discount advertising is intended to, and does, influence consumer behavior by artificially inflating consumer perceptions of an item's value and causing consumers to spend money they otherwise would not have, purchase items they otherwise would not have, and/or purchase products from a specific retailer.

**E. <u>Plaintiff Brittney Samaduroff</u>**

53. Ms. Samaduroff purchased clothing from 32Degrees.com on at least the following dates: September 27, 2024, December 2, 2024, January 3, 2025, and June 6, 2025. In making each of these purchases, she provided Defendant with her Washington physical address and email address.

54. Ms. Samaduroff recalls purchasing from 32Degrees.com at least 10 times. She has been receiving marketing emails from 32 Degrees since at least November 17, 2022.

55. Thus, at least as of September 27, 2024, and on information and belief as early as November 17, 2022, Defendant knew that Ms. Samaduroff was a resident of Washington and that any emails sent to Ms. Samaduroff would be sent to a Washington resident.

---

[1] Aggarwal, P., *Use it or lose it: Purchase acceleration effects of time-limited promotions*, Journal of Consumer Behaviour (Sept. 17, 2002) at 399-401.

[2] CXL, *How Creating a Sense of Urgency Increased Sales by 332%* (Feb. 28, 2023), at pp. 10-18, available at https://cxl.com/blog/creating-urgency.

[3] Upland Software, *Dynamic email content leads to 400% increase in conversions for Black Friday email*, available at https://uplandsoftware.com/adestra/resources/case-study/dynamic-email-content-leads-to-400-increase-in-conversions-for-black-friday-email/.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

56. Ms. Samaduroff received each of the emails from Defendant identified in paragraph 24, above.

57. The emails in paragraph 24 are representative examples. Ms. Samaduroff received additional substantially similar emails from Defendant.

58. Ms. Samaduroff would like to receive truthful information from Defendant regarding its Products. Due to Defendant's conduct, Plaintiff cannot be certain which emails from Defendant contain truthful information and which emails are spam with false and misleading information in subject lines designed to spur consumers into making a purchase. Thus, without a court order requiring Defendant to only send honest emails about sales, Plaintiff cannot discern which emails are not false or misleading.

**F. <u>Plaintiff Eve Summers.</u>**

59. Ms. Summers purchased clothing from 32Degrees.com on at least the following dates: December 18, 2019, September 2, 2022, May 28, 2023, June 8, 2023, June 20, 2023, July 22, 2023, and August 11, 2024. In making each of these purchases, she provided Defendant with her Washington physical address and email address.

60. Thus, at least as of December 18, 2019, Defendant knew that Ms. Summers was a resident of Washington and that any emails sent to Ms. Summers would be sent to a Washington resident.

61. Ms. Summers received marketing emails from Defendant until about August 2023, when she opted out of further marketing emails.

62. On information and belief, Ms. Summers received marketing emails from Defendant with the same or similar subject lines as the emails in paragraph 24, above. To that end, emails Ms. Summers received from Defendant and still possesses include:

a. 12/20/2019: Last Chance to Shop the Winter Outerwear Sale | 75% Off Packable Jackets + Vests
b. 09/10/2022: Sitewide Sale Ending Soon | Spend $50, Get $10 Off + Free Shipping
c. 09/13/2022: Today Only | Shop $17.99 Packable Vests


EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

d. 09/16/2022: Sweats Sale Ending Soon | Last Chance to Shop Soft Velour + Comfort Tech Styles Starting at 11.99
e. 06/02/2023: Ending Soon | Best Selling Activewear Styles Starting at just $0.99
f. 06/06/2023: Today Only | Shop $17.99 Woven Pants
g. 06/20/2023: Today Only | Shop $9.99 Everyday Pants + $12.99 Woven Shorts
h. 06/22/2023: One Day Only | Shop Best Selling Dresses + Polos for Just $7.99
i. 06/25/2023: Ends Tonight | Summer of Savings Sale - Shop Best Sellers Starting at $3.99
j. 06/27/2023: Today Only | Shop $7.99 Active Tech Shorts | Plus 2 For $20 High-Waist Active Leggings
k. 06/28/2023: Under $20 Sitewide Sale Ends Soon | Shop $3.49 Basics, $3.99 T-Shirts, $7.99 Dresses + More
l. 06/29/2023: Just Hours Left | Last Chance to Shop the Under $20 Sitewide Sale
m. 06/30/2023: Up to 85% Off Sitewide! The 4th of July Sale Starts Today
n. 07/02/2023: Up to 85% Off Sitewide Sale Shop Best Selling Styles Starting at Just $3.99
o. 07/04/2023: One Day July 4th Sale | Free Shipping On All Orders + Up to 85% Off Sitewide
p. 07/04/2023: Just Hours Left | Last Chance for Free Shipping + Up to 85% Off Sitewide
q. 07/06/2023: Today Only | Shop Active Tops Starting at $4.99 | Plus Shop New Arrivals You'll Love
r. 07/21/2023: Ending Soon | Summer Bottoms Blowout Sale Starting at $4.99
s. 07/24/2023: Up to 85% Off Summer Warehouse Sale is Live! Shop the Biggest Markdowns of the Season
t. 07/25/2023: Today Only | Shop $9.99 Sweatshirts | Plus Up to 85% Off Summer Clearance
u. 07/26/2023: Up to 85% Off Summer Warehouse Sale | Shop Best Selling Styles Starting at $2.99
v. 07/29/2023: Ending Soon | Up to 85% Off Summer Warehouse Sale
w. 08/11/2023: Best Performance Styles Up to 80% Off | Shop Activewear Starting at $2.99
x. 08/14/2023: Sitewide Sale | Entire Site Under $18
y. 08/16/2023: Sitewide Sale | Shop the Entire Store Under $18 | Plus New Styles Starting at $6.99
z. 08/20/2023: Just Hours Left | Last Chance to Shop the Entire Store Under $18

**G. <u>No Adequate Remedy at Law.</u>**

63. Plaintiffs seek an injunction. Plaintiffs are permitted to seek an injunction because they have no adequate remedy at law. Legal remedies here are not adequate because they would not stop


EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

Defendant from continuing to transmit emails with false or misleading subject lines to Washington residents.

## V. CLASS ACTION ALLEGATIONS

64. Plaintiffs bring the asserted claims on behalf of the following proposed class (the "Class") and subclasses:

> All Washington residents who, during the Class Period, received promotional emails from 32 Degrees with subject lines either (i) advertising "% off" discounts; (ii) stating a sale, discount, or price would end at a specified time but the same sale, discount, or price was extended upon expiration; or (iii) stating a sale, discount, or price is time limited or ending when 32 Degrees continued to offer or reinstated the sale, discount, or price for a longer time.

65. Plaintiffs reserve the right to propose additional subclasses based on specific subcategories of emails and Class members at class certification.

66. The Class Period is the time period beginning on the date established by the Court's determination of any applicable statute of limitations and ending on the date a class certification order is entered in this action. Thus, the statute of limitations begins no later than the date four years before this Complaint is filed.

67. The following people are excluded from the proposed Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; and (3) Plaintiff's counsel and Defendant's counsel.

***Numerosity***

68. The proposed Class contains members so numerous that separate joinder of each member of the class is impractical. There are at least thousands of Class members in Washington.

69. Class members can be identified through Defendant's electronic mailing lists, internal records, and public notice.

***Predominance of Common Questions***



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

70. There are questions of law and fact common to the proposed Class. Common questions of law and fact include, without limitation:

a. whether Defendant's email subject lines regarding purported discounts are false or misleading;

b. whether Defendant's email subject lines violate CEMA;

c. whether Defendant's email subject lines violate the CPA; and

d. the greater of actual damages or statutory damages due to Plaintiffs and the proposed Class.

***Typicality & Adequacy***

71. Like members of the proposed Class, Plaintiffs received emails from Defendant that contain false or misleading subject lines regarding discounts.

72. There are no conflicts of interest between Plaintiffs and the Class.

***Superiority***

73. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. CLAIMS

### <u>Count 1: Violations of Washington's Commercial Electronic Mail Act</u>

### (By Plaintiffs and the Class)

74. Plaintiffs incorporate each and every factual allegation set forth above and below.

75. Plaintiffs bring this cause of action individually and on behalf of members of the Class.

76. Defendant is a "person" under CEMA. RCW 19.190.010(11).

77. As alleged more fully above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiffs' and Class members' electronic mail addresses.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

78. Defendant sent these emails to Plaintiffs and Class members for the purpose of promoting the Products for sale.

79. Defendant knew or had reason to know that it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

80. Defendant's acts and omissions violated RCW 19.190.020(1)(b).

81. Defendant's acts and omissions injured Plaintiffs and Class members.

82. The balance of equities favors the entry of permanent injunctive relief against Defendant. Plaintiffs, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief. Defendant's unlawful behavior is ongoing as of the date of the filing of this pleading, so without the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

83. Plaintiffs and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

**Count 2: Violations of the Washington Consumer Protection Act via Misleading Emails**

**(By Plaintiffs and the Class)**

84. Plaintiffs incorporate each and every factual allegation set forth above and below.

85. Plaintiffs bring this cause of action individually and on behalf of members of the Class.

86. Plaintiffs and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

87. As alleged above, Defendant violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiffs and Class members that contained false or misleading information in the subject line.

88. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

89. A violation of CEMA establishes all elements of the CPA as a matter of law.

90. As alleged more fully above, Defendant's transmission of commercial electronic messages to Plaintiffs and Class members that contained false or misleading information in the subject


EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

***Unfair Acts or Practices***

91. As alleged in detail above, Defendant committed "unfair" acts by falsely stating in email subject lines that it was offering a discount off the regular prices of its Products, and that the discount was only available for a limited time, when none of this was true (or at minimum was highly misleading).

92. The harm to Plaintiffs and the Class greatly outweighs the public utility of Defendant's conduct. There is no public utility to misrepresenting whether the Products are discounted and misrepresenting the duration of sales. Plaintiffs and the Class's injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

***Deceptive Acts or Practices***

93. As alleged in detail above, Defendant's representations in email subject lines that the Products were on sale, that the sale was limited in time, and that customers were receiving substantial discounts, are deceptive.

94. Defendant's representations were likely to deceive, and did deceive, Plaintiffs and other reasonable recipients. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

95. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

96. Defendant's acts and omissions caused injury to Plaintiffs and Class members. Violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law. *See Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1002–04 (W.D. Wash. 2019) ("by alleging a CEMA violation of RCW 19.190.020, a plaintiff alleges all five elements of a CPA violation . . . . Of particular relevance, a plaintiff alleging a CEMA violation under RCW 19.190.030(1) need not allege



EMERY | REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

injury or causation beyond the CEMA violation. . . . Moreover, the Washington Supreme Court recently held that CEMA's liquidated damages provision, RCW 19.190.040, establishes the injury and causation elements of a CPA claim as a matter of law.”).

97. Under the CPA, “[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney’s fee. A private plaintiff may be eligible for treble damages,” and “may obtain injunctive relief, even if the injunction would not directly affect the individual’s own rights.” Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 19.86.090.

98. Under the CPA, Plaintiffs and Class members are entitled to and seek, and do seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiffs and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiffs seek treble damages to further Plaintiffs’ and Class members’ financial rehabilitation, encourage citizens to bring CPA actions, deter Defendant and other persons from committing CEMA violations, and punish Defendant for false and misleading advertising practices.

99. Plaintiffs and Class members are also entitled to, and seek, injunctive relief prohibiting further violations of the CPA.

## VII. JURY DEMAND

100. Plaintiffs demand the right to a jury trial on all claims so triable.

## VIII. PRAYER FOR RELIEF

101. Plaintiffs seek the following relief for themselves and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed class;
- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;
- Pre- and post-judgment interest;
- An injunction prohibiting the deceptive conduct, as allowed by law;
- Reasonable attorneys’ fees and costs, as allowed by law;



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955 • Fax: (206) 441-9711

- Any additional relief that the Court deems reasonable and just.

102. Plaintiffs and the Class demand $6,000,000 in statutory damages, and potentially more following discovery, based on the volume and frequency of actionable emails, and statutory damages of $500 per email per Class member.

103. $6,000,000 in statutory damages at $500 per email equates to 12,000 actionable emails.

104. On information and belief, Defendant sent at least 12,000 actionable emails during the class period. In September 2024, Defendant sent at least 32 emails to persons on its email marketing list. And in October 2024, Defendant sent at least 24 emails to persons on its email marketing list. If Defendant sent an average of 30 emails per month, then Defendant sent 360 emails per year, and 1,440 emails during the 4-year statute of limitations period.

105. According to a case study by Staci Americas (a former 32 Degrees logistics consultant), 32 Degrees averages 45,000 orders per month.[4] Further, Washington's estimated population of 7,958,180 persons is about 2.37% of the U.S. population.[5] Thus, of the 45,000 monthly orders received by 32 Degrees, an estimated 2.37% is from Washington residents – i.e, 1,066 monthly orders and over 12,000 annual orders.

106. Therefore, on information and belief, Defendant sent more than 12,000 actionable emails during the class period, yielding statutory damages of at least $6,000,000.

Dated: October 31, 2025

Respectfully submitted,

By: _/s/ M. Anderson Berry_

M. Anderson Berry, WSBA No. 63160
Timothy W. Emery, WSBA No. 34078
Gregory Haroutunian*
Brandon Jack*
EMERY REDDY, PC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 823-6955

[4] https://www.staciamericas.com/hubfs/32Degrees-case-study.pdf
[5] https://www.britannica.com/topic/largest-U-S-state-by-population

Fax: (206) 441-9711
Email: anderson@emeryreddy.com
Email: emeryt@emeryreddy.com
Email: brandon@emeryreddy.com
Email: gregory@emeryreddy.com

Alexander E. Wolf*
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
280 South Beverly Drive, PH
Beverly Hills, CA 90212
Tel: 872-365-7060
Email: awolf@milberg.com

William J. Edelman*
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 771-474-1121
Email: wedelman@milberg.com

*Counsel for Plaintiffs*

**Pro Hac Vice* applications forthcoming